**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NORMA HARRELL, et al.,

       *Plaintiffs*,

    v.

WELLS FARGO BANK, N.A.,

       *Defendant*.

Civil Action No. 19-1417
(JMV) (MF)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

       This matter comes before the Court on three motions for reconsideration filed by Plaintiffs Ajay Kajla, D.E. 34, Jose Rodrigues, D.E. 35, and Dorothy M. Johnson, D.E. 36. Plaintiffs each ask the Court to reconsider its December 27, 2019 Order, D.E. 33, which was accompanied by its December 27, 2019 Opinion, D.E. 32 ("Prior Op."), dismissing Plaintiffs' Complaint. The Court reviewed the parties' submissions in support and in opposition,[1] and considered the motion without

---

[1] Plaintiff Kajla's brief in support of his motion will be referred to as "Kajla Br." (D.E. 34); Defendant's brief in opposition will be referred to as "Def Opp. (Kajla)" (D.E. 40); Plaintiff Kajla's reply brief will be referred to as "Kajla Reply" (D.E. 42).

Plaintiff Rodrigues's brief in support of his motion will be referred to as "Rodrigues Br." (D.E. 35); Defendant's brief in opposition will be referred to as "Def. Opp. (Rodrigues)" (D.E. 41); Plaintiff Rodrigues's reply brief will be referred to as "Rodrigues Reply" (D.E. 54).

Plaintiff Johnson's brief in support of her motion will be referred to as "Johnson Br." (D.E. 36); Defendant's brief in opposition will be referred to as "Def. Opp. (Johnson)" (D.E. 39); Plaintiff Johnson's reply brief will be referred to as "Johnson Reply" (D.E. 43).

The Court is also in receipt of and has reviewed the following submissions by Defendant and Plaintiffs Kajla, Rodrigues, and Johnson regarding the motions for reconsideration: D.E. 45, 46, 47, 48, 50, 51, 52.

oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons that follow, Plaintiffs' motions for reconsideration (D.E. 34, 35, 36) are each **DENIED**.

## I.  BACKGROUND

For the purposes of the pending motions, the Court does not retrace this case's full factual and procedural history.  The Court instead incorporates by reference the detailed background in its December 27, 2019 Opinion, which granted Defendant's motion to dismiss (D.E. 8).  D.E. 32.

On January 28, 2019, Plaintiffs filed their Complaint.  D.E. 1 ("Compl.").  On December 27, 2019, the Court dismissed Plaintiffs Johnson, Kajla, and Rodrigues's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  D.E. 32, 33 at 15-21.  The Court noted that it appears likely that Plaintiffs' claims are barred by the entire controversy doctrine, however the Court did not make a definitive decision on that issue.  Prior Op. at 23.  The Court also found that there had been an improper joinder under Rule 21 and severed the case into four civil actions.[2] *Id.* at 14-15.  The Court granted Plaintiffs Kajla, Rodrigues, and Johnson the opportunity to file individual amended complaints in their newly severed cases.  *Id.*  Plaintiffs Kajla, Rodrigues, and Johnson have not filed amended complaints in their newly severed cases.  *See* Civil Case No. 19-22012, 19-22013, 19-22008.

On January 15, 2020, Plaintiffs Kajla, Rodrigues, and Johnson filed the current motions for reconsideration.  D.E. 34, 35, 36.  Defendant filed opposition separately as to each motion, and each Plaintiff replied.

---

[2] Plaintiff Kajla's severed, new case number is Civil Action No. 19-22012.  Plaintiff Rodrigues's severed, new case number is Civil Action No. 19-22013.  Plaintiff Johnson's severed, new case number is Civil Action No. 19-22008.

## II. RECONSIDERATION STANDARD

Motions for reconsideration are governed by Local Civil Rule 7.1(i).  The rule provides that such motions must be made within fourteen days of the entry of an order.  Plaintiff has complied with this requirement.  Substantively, a motion for reconsideration is viable in three situations:  (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted).  Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly."  *NL Indus., Inc. v. Commercial Union Ins. Co*., 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted).

A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue its original motion.  *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2–3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988).  Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached.  *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

## III. ANALYSIS

### A.  Ajay Kajla

Plaintiff Kajla argues that two of the assignments recorded in his case were fraudulent, which "violates the State Requirements thus violating the Foreclosure Null and Void."  Kajla Br. at 2-3.  As a result, Kajla poses the following question: "Is this Court condoning the perpetrated fraud by the Defendant and robbing its NJ Citizens of their rights?"  *Id.* at 5.  Kajla claims that

"the fundamental flaw and fraud must be determined before any of the offshoots Rule 12(b)(1), Rule 12(b)(6), Rule 9(b), and Entire Controversy Doctrine can be litigated."  *Id.* at 5.

Defendant responds that "Kajla presents no factual or legal matters 'overlooked' by the Court in its December 27, 2019 decision.  Instead, Kajla simply re-argues his 'fraud' claims[.]" Def. Opp. (Kajla) at 1.  Defendant claims that Kajla has "failed to demonstrate that he is entitled to reconsideration of the Court's Order dismissing the original Complaint."  *Id.* at 4.  Furthermore, Defendant argues that since "[t]here is nothing new in this Complaint or Motion for Reconsideration," the pending motion "is not only improper, but it is intended to further delay this action and cause Wells Fargo to continue to incur litigation costs."  *Id.* at 6.

Kajla has failed to introduce any intervening change in the controlling law or new evidence not previously available.  *See Carmichael*, No. 03-4787, 2004 WL 1587894, at *1.  Kajla attached a "Foreclosure Update from the Judges" from the "2018 NJSBA Annual Meeting" and a Resolution of the City of Newark, NJ dated November 26, 2019 in support of his motion for reconsideration.  D.E. 34-1, 34-2.  Neither of these documents constitute an intervening change in the law or new evidence not previously available.

Furthermore, while Kajla claims that the "fundamental flaw and fraud" – presumably the alleged fraudulent assignments – "must be determined" before the Court could conduct a Rule 12(b)(6), 12(b)(1) or 9(b) analysis, that argument is misguided.  The Court may only decide that which is before it.  The six Counts brought in the Complaint were: (1) "Violations Stemming from 42 U.S.C. § 1983," (2) "Violations Stemming from RICO – 18 U.S.C. §§ 1961-68," (3) "Violations Stemming from – civil rights violation," (4) "Violations Stemming from Forensic Audit and Contract Law," (5) "Violations Stemming from HUD Requirements," and (6) "Violations Stemming from – Fair Debt Collection Practices Act."  Compl. at 30-42.  Kajla did not bring forth

a Count for fraud in the Complaint. Therefore, the fact that the Court did not directly address the alleged fraudulent assignments does not constitute a clear error of law. The Court addressed each asserted count. Kajla has failed to demonstrate the need to correct a clear error of law or prevent manifest injustice. *See Carmichael*, No. 03-4787, 2004 WL 1587894, at *1. Therefore, the Court agrees with Defendant that Kajla has failed to fulfill the burden required to grant a motion for reconsideration.

The Court denies Plaintiff Kajla's motion for reconsideration.

### B.  Jose Rodrigues

Plaintiff Rodrigues argues that two assignments of mortgages were "fraudulent and a violation of N.J.S.A. 3C:28-7(a)(2) (tampering with public records) which is a crime of the third degree and deems the loan null and void." Rodrigues Br. at 2. Referring back to Rodrigues's state law litigation, Rodrigues claims that the judge who entered an uncontested order for final judgment in his case "either did not know the subject matter or had another reason for ruling incorrectly." *Id.* Rodrigues also attaches a credit report that he states proves that he is "not liable for the alleged debt erroneously recorded in [his] name" and a Wells Fargo foreclosure manual that "prove[s] the bad acts of Wells Fargo." *Id.* at 3. In further support of the motion, Rodrigues states:

> [Defendant's counsel] then states that "*it is clear that this action is simply a collateral attack on Plaintiffs' foreclosure that they already lost.*" The facts are, regardless of the incorrect erroneous rulings, none of the Judges cared about the Law, the Constitution, or the right of a Citizen to protect his property.

*Id.* at 4.

As Defendant notes, "Rodrigues presents no factual or legal matters 'overlooked' by the Court in its December 27, 2019 decision." Def. Opp. (Rodrigues) at 1. Defendant argues that while the Court addressed each count in Plaintiffs' Complaint and set forth legal reasoning for its

decision as to each claim, "[n]one of those reasons are disputed by Rodrigues" in the motion." *Id.* at 6.

Rodrigues, like Kajla, focuses on the alleged fraudulent assignments in support of his motion for reconsideration, Rodrigues Br. at 2, and Rodrigues' motion fails for the same reason. Rodrigues failed to bring a distinct Count for fraud, so the fact that the Court did not directly address the alleged fraudulent assignments does not constitute a clear error of law. Rodrigues has not presented an intervening change in the controlling law, has not cited to new evidence not previously available, and has not demonstrated a clear error of law or need to prevent manifest injustice. *See Carmichael*, No. 03-4787, 2004 WL 1587894, at *1. Rodrigues has failed to meet the burden to succeed on a motion for reconsideration.

The Court denies Rodrigues's motion for reconsideration.

### C. Dorothy Johnson

In Plaintiff Johnson's motion for reconsideration, Johnson argues that New Jersey state judges simply "rubber stamp" decisions, violating the federal and state constitutions, that Governor Murphy "wants to remove homeowners," that judicial pensions create a conflict of interest in favor of lenders, that Wells Fargo acted fraudulently, and that Wells Fargo failed to comply with Housing and Urban Development ("HUD") requirements. Johnson Br. 1-8. Johnson requests Defendants "provide proof of the State Courts' evaluation of the validity of the mortgages, standing to foreclose, the loan documents and determination that the Plaintiffs were all in default and the foreclosures were proper." *Id.* at 8. In support of her motion, Johnson filed a statement by the Honorable Arthur M. Schack of the New York State Supreme Court titled "Failure to Recover: The State of Housing Markets, Mortgage Servicing Practices, and Foreclosures" from March 19, 2012 and a Resolution of the City of Newark dated November 26, 2019. *Id.* at 14-23.

6

Defendant counters that "Johnson presents no factual or legal matters that were 'overlooked' by the Court in its December 26, 2019 decision" and, instead, "she attempts to raise irrelevant issues such as pension funds, low-cost housing, and other irrelevant claims that have no basis in fact or law." Def. Opp. (Johnson) at 1. The Court agrees that many of Johnson's arguments are unrelated to the Court's decision and reasoning regarding the six Counts brought in Plaintiffs' Complaint. For example, the issues of pension funds and whether New Jersey state judges "rubber stamp" decisions are outside of the purview of the pending motion for reconsideration.

However, Johnson's brief does address Count 5 of the Complaint regarding HUD Requirements. Johnson Br. at 1-2, 5. Johnson argues that "[a]s Wells Fargo refused to honor the HUD Mortgage and the face-to-face meeting, regulations and requirements were not met." *Id.* at 1-2. Johnson cites three cases decided by state courts of appeal in Ohio and California in support. While Johnson claims the Court did not address the subject of HUD requirements in its prior Opinion, the Court in fact noted that "[g]iven the reference to not only the HUD Regulations but also the numerous other causes of action [including breach of contract], it is not clear to the Court what Johnson is asserting." Prior Op. at 20. The Court went on to find that "[t]o the extent Johnson is arguing that the HUD regulations give her a private right of action, Johnson does not claim that Congress granted an express right of action." *Id.* As a result of the lack of clarity surrounding Johnson's allegations in Count 5, the Court dismissed the Count but permitted Johnson to file an amended complaint. *Id.* at 23.

In order to succeed on a motion for reconsideration, a plaintiff must bring forth an intervening change in the controlling law, the availability of new evidence not previously available, or the need to correct a clear error of law or prevent manifest injustice. *Carmichael*, No.

03-4787, 2004 WL 1587894, at *1.  The three non-precedential decisions Johnson cites to

regarding HUD requirements, decided in 2014 and 2015, *see* Johnson Br. at 5, do not constitute

intervening changes in the controlling law.  Johnson fails to introduce new evidence not previously

available, and instead rehashes old evidence and arguments.  Lastly, Johnson fails to prove the

need to correct a clear error of law or prevent manifest injustice.

      The Court denies Johnson's motion for reconsideration.

## IV. CONCLUSION

      For the reasons stated above, and for good cause shown,

      **IT IS** on this 28th  day of August, 2020,

      **ORDERED** that Plaintiffs Kajla, Rodrigues, and Johnson's motions for reconsideration

(D.E. 34, 35, 36) are **DENIED**; and it is further

      **ORDERED** that, in addition to filing this Opinion & Order on the above referenced docket

(Civil Action No. 19-01417), the Clerk's Office shall file Plaintiff Kajla's motion for

reconsideration (D.E. 34) and this Opinion & Order in Civil Action No. 19-22012 (Plaintiff Kaila's

severed case); and it is further

      **ORDERED** that, in addition to filing this Opinion & Order on the above referenced docket

(Civil Action No. 19-01417), the Clerk's Office shall file Plaintiff Rodrigues's motion for

reconsideration (D.E. 35) and this Opinion & Order in Civil Action No. 19-22013 (Plaintiff

Rodrigues's severed case) ; and it is further

      **ORDERED** that, in addition to filing this Opinion & Order on the above referenced docket

(Civil Action No. 19-01417), the Clerk's Office shall file Plaintiff Johnson's motion for

reconsideration (D.E. 36) and this Opinion & Order in Civil Action No. 19-22008 (Plaintiff

Johnson's severed case); and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion & Order to Plaintiffs

Kajla, Rodrigues, and Johnson by regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.